IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAUL S. MARKOWITZ, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:10-cv-02284-JDT-cgc |
| RAYMOND GERONIMO and, | ) |
| The CITY OF MEMPHIS, | ) |
| Defendants. | ) |

## **ORDER DENYING MOTION TO RECUSE**

Before the Court is Plaintiff's "Motion for a Judicial Recusement of Magistrate Judge." (D.E. # 14). District Judge Todd directed the undersigned to rule on this motion in his Order Denying Leave to Amend and Denying Various Motions. (D.E. # 19) For the reasons which follow, the Motion is DENIED.

Plaintiff requests recusal based on 28 U.S.C. §455 and recites the following as reasons that the undersigned[1]'s "impartiality might reasonably be questioned":

- employment history of the undersigned, including employment by the City of Memphis, Memphis Area Transit Authority and Memphis Light, Gas & Water Division[2],

---

[1] The Court will refer to itself as "the undersigned" in this order, even though it is a bit awkward. The Court finds that it sounds more appropriate to refer to itself as the undersigned rather than to use the first person in an order of the Court.

[2] Plaintiff erroneously states that the undersigned was "selected and employed by Memphis Light, Gas & Water … as an attorney/counsil (sic)…" The undersigned was employed as Vice-president of Human Resources from January 2009 through May 29, 2009.

- that as Deputy Director of the City of Memphis Human Resources Division, the undersigned's responsibilities "often [included] defending the City of Memphis against plaintiffs as in this case at bar",
- the undersigned "has for numerous years … had close personal contacts, associations and friendships of City of Memphis employees, personnel including such persons/entities who oversaw, directed, instructed, consulted and assisted the defendant City."

Twenty-eight U.S.C. § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;.

(3) Whether he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse . . . :

    (i) Is a party in the proceeding . . . . ;

    (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

A judge must recuse himself if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988); *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). The decision whether a judge's impartiality can " 'reasonably be questioned' " is to be made in light of the facts as they existed, and not as they were surmised or reported. See *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302, 121 S.Ct. 25, 147 L.Ed.2d 1048 (2000)

A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. *Liteky v. United States*, 510 U.S. 540, 556 (1994); *Sammons*, 918 F.2d at 599. Section 455 requires that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal

rather than judicial. *Story*, 716 F.2d at 1096. "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." *United States v. Adams*, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

None of the reasons listed by the plaintiff support recusal. Plaintiff has cited no facts from which a reasonable person would conclude that the undersigned's impartiality might be questioned. The undersigned has not represented the City of Memphis as litigation counsel since May 2000[3]. The undersigned has no knowledge of the plaintiff absent that obtained through involvement with the instant case and consequently have no personal bias or prejudice concerning the plaintiff. The undersigned has no personal knowledge of disputed evidentiary facts concerning the plaintiff's case. The undersigned did not serve as counsel or as an advisor to the City of Memphis concerning the plaintiff's case or express an opinion concerning the merits of his case. Recusal is not warranted in this case.

Plaintiff's Motion to Recuse is DENIED.

**IT IS SO ORDERED** this 5th day of April, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned did serve as a representative for the City of Memphis in labor negotiations in 2002 and 2006.

4