IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL S. MARKOWITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 10-2284-JDT-cgc |
| | ) | |
| RAYMOND GERONIMO, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR RELIEF (D.E. 60)
ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER GRANTING MOTIONS FOR DISMISSAL (D.E. 46 & 47)
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The *pro se* Plaintiff, Paul S. Markowitz, filed a civil complaint on April 16, 2010. (Docket Entry 1.) On June 14, 2010, the Court issued an order directing that the Defendant, Memphis Police Officer Raymond Geronimo, be served with process. (D.E. 4.) Plaintiff filed an amended complaint as of right on April 18, 2011, naming the City of Memphis (the "City") as an additional Defendant (D.E. 7); therefore, the City also was served with process. (D.E. 15 & 20.) After the Defendants responded to the complaint, a scheduling order was entered (D.E. 23), and the parties began the discovery process.

On January 30, 2013, the Court granted Defendant Geronimo's motion for sanctions because Plaintiff failed to attend his deposition, which had been noticed for November 8,

2012. Plaintiff was ordered to pay the costs of the court reporting services incurred, in the amount of $472.00, within 60 days. (D.E. 40 at 5-6.) On March 5, 2013, Defendants noticed Plaintiff's deposition for the second time, to be taken on March 26, 2013. (D.E. 42.) On March 12, 2013, Plaintiff filed a motion to reconsider the January 13, 2013, order. (D.E. 43.)[1]

Plaintiff again did not attend his scheduled deposition on March 26, 2013. Therefore, on April 1, 2013, Defendant Geronimo filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37, asking that the case be dismissed for failure to participate in discovery. (D.E. 46.) The City filed a similar motion on April 8, 2013. (D.E. 47.) Plaintiff did not respond to the motions for sanctions; therefore, on July 23, 2013, Magistrate Judge Charmiane G. Claxton issued an order directing Plaintiff to show cause, within 14 days, why the motions should not be granted. (D.E. 49.) A copy of the order was sent to Plaintiff's address of record via certified mail. However, Plaintiff did not file a timely response to the order to show cause. Therefore, Magistrate Judge Claxton set a motion hearing/status conference for August 13, 2013. (D.E. 50 & 51.) On July 25, 2013, Plaintiff filed a motion to compel the production of evidence, to "quash" certain questions from the Defendants, and to consolidate this case with another of his pending cases. (D.E. 52.)

On the day of the August 13 hearing, Plaintiff filed a belated response to the show cause order. (D.E. 53.) The minutes of the hearing (D.E. 54) indicate that Magistrate Judge

---

[1] On March 27, 2013, the case was referred to the assigned Magistrate Judge for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (D.E. 45.)

2

Claxton deemed that response untimely. She orally denied Plaintiff's motions to reconsider (D.E. 43) and to compel (D.E. 52); a written order to that effect was entered on August 16, 2013. (D.E. 56.) The minutes of the hearing further reflect that Plaintiff was given 30 additional days in which to pay the previously ordered monetary sanction of $472.00 and that a report and recommendation would be entered on the Defendants' motions for sanctions.

On August 16, 2013, Magistrate Judge Claxton issued a Report and Recommendation in which she recommended that the Court grant Defendants' motions and dismiss the case as a sanction for Plaintiff's failure to participate in discovery. (D.E. 55.) Objections to the Report and Recommendation were due within 14 days. See Fed. R. Civ. P. 72(b)(2). Plaintiff did not file any objections as such. However, on August 27, 2013, he filed a document titled, "Motion Pursuant To Rule 59(e) &/Or Rule 60(b) To Alter Or Amend &/Or Motion For Reconsideration With Combined Motions Pursuant To Rule 50(a) &/or 50(b), 54(b), 54(c) &/or Any Other Reliefs These Honorable Courts Deem Appropriate In Favor For Plaintiff." (D.E. 60.) The Court will treat this motion as Plaintiff's objections to the Report and Recommendation.

The Court first notes that Plaintiff apparently did not receive the copy of the order to show cause that was sent to him by certified mail at his address of record, 766 Brower, Memphis, TN 38111. The envelope was returned by the postal service on August 19, 2013, marked "Return to Sender/Unclaimed/Unable to Forward." (D.E. 57.) In the response filed August 13, 2013, Plaintiff does not state how or when he actually received notice of the

3

order. In any event, the Court finds that, even if the response is considered, this case should be dismissed.

In his various responses and motions, Plaintiff vigorously asserts that the Defendants have repeatedly failed to send him pertinent documents and to notify him of the pending depositions. However, the certificates of service on the notices of deposition show that both documents were sent to Plaintiff at his address of record, 766 Brower. The second notice also was sent to another address, 5067 Wooddale, which Plaintiff has asserted is his "permanent mailing address." (D.E. 46-2.)[2] A letter reminding Plaintiff of the March 26 deposition also was sent to Plaintiff at both addresses. (D.E. 46-4.) Defendants do not assert that any of those notices were returned as undeliverable.

Any difficulty Plaintiff has had communicating with the Defendants and with receiving mail from the Defendants and the Court appears due, to a large extent, to his failure to maintain a reliable mailing address and/or failure to retrieve mail sent to his address of record.[3] Plaintiff has submitted no evidence that Defendants' counsel did not actually mail the documents in question to his address of record, and the Court is confident counsel would not deliberately fail to do so. Plaintiff is not entitled to have the Defendants hand-deliver all

---

[2] In his responses to Defendants' interrogatories, Plaintiff stated, "My address is currently intermittent, sporadic but permanent mailing address is 5067 Wooddale Memphis, TN 38118." (Id.) The only address Plaintiff has ever officially given the Court is the 766 Brower address.

[3] Plaintiff also may not have a reliable telephone number. Counsel for Defendant Geronimo has stated that the telephone number Plaintiff provided to the Court is actually that of his father and that messages left for Plaintiff at that number were not returned. In addition, Plaintiff would call counsel's office after hours from a University of Memphis telephone number and leave messages, giving no way for counsel to return the calls. (D.E. 38 at 2.)

4

of their documents to him in person. If he intends to file lawsuits, he must provide the Court and the Defendants with a legitimate, reliable mailing address and regularly pick up his mail from that address. Failure to do so does not excuse missing deadlines or failing to attend his deposition.

Plaintiff's motion for relief pursuant to Rules 59(e) and 60(b), *inter alia*, construed as objections to the Report and Recommendation, is DENIED. The Court agrees with Magistrate Judge Claxton's conclusions that Plaintiff has failed to cooperate in discovery and that the Defendants have been signficantly prejudiced by that failure. Therefore, the Court ADOPTS the Report and Recommendation and GRANTS the Defendants' motions to dismiss. Accordingly, this case is hereby DISMISSED pursuant to Federal Rule of Civil Procedure 37(d)(3). In addition, Defendant Geronimo is again awarded a monetary sanction in the amount of $472.25, as reimbursement for the expenses associated with Plaintiff's failure to appear at the March 26, 2013 deposition. Plaintiff is ORDERED to pay that amount to counsel for Defendant Geronimo within 60 days after the entry of this order.

Plaintiff's motion for appointment of counsel (D.E. 58) and his "Motion To Order Defendants To Preserve Evidence" (D.E. 61) are DENIED as moot.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in*

*forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss this case pursuant to Fed. R. Civ. P. 37(d)(3) also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE

---

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.